**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| | ) ) | Judge |
| GREG KLEHM, Individually and d/b/a G & N TRANSFER INC., a dissolved Illinois corporation GREG KLEHM, Individually and d/b/a CENTRAL ILLINOIS DISPOSAL, | ) ) ) ) ) ) | Magistrate Judge |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds"), by their attorneys, John J. Toomey, of Arnold and Kadjan, LLP complain against Defendants, GREG KLEHM, Individually and d/b/a G & N TRANSFER, INC., a dissolved Illinois corporation and GREG KLEHM, Individually and d/b/a CENTRAL ILLINOIS DISPOSAL, as follows:

## JURISDICTION AND VENUE

1.  (a)  Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b)  Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered.

## PARTIES

2. (a) Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b) The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS have been established pursuant to collective bargaining agreements previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

(c) The Funds are maintained and administered in this judicial district in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, ERISA, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

3. (a) GREG KLEHM, Individually and d/b/a G & N TRANSFER, INC., a dissolved Illinois corporation, employs employees represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b) GREG KLEHM, Individually and d/b/a G & N TRANSFER, INC., a dissolved Illinois corporation since June 8, 2007, has its principal place of business at Pontiac, Illinois.

(c) GREG KLEHM, Individually and d/b/a G & N TRANSFER, INC., a dissolved Illinois corporation, is an employer engaged in an industry affecting commerce.

4.    CENTRAL ILLINOIS DISPOSAL is not an Illinois corporation or limited liability corporation, occupies the same address as G & N TRANSFER, INC., a dissolved Illinois corporation. CENTRAL ILLINOIS DISPOSAL is engaged in an industry affecting commerce. It is believed based upon CENTRAL ILLINOIS DISPOSAL's checks, that it is a sole proprietorship of GREG KLEHM, and is not in compliance with the Illinois Assumed Name Act.

5.    Effective October 6, 2014, GREG KLEHM, Individually and d/b/a G & N TRANSFER, INC., a dissolved Illinois corporation ( hereinafter "**G & N**"), entered into an Area Construction Agreement with Teamsters 673 which bound it to the terms stated therein that is effective for the period from June 1, 2012 through May 31, 2017, which requires contributions to the Funds pursuant to 29 U.S.C. 1145 (Exhibit A) and which has been subsequently renewed July 6, 2020 through May 31, 2021 (Exhibit B).  Though dissolved, **GREG KLEHM** held himself out as an active Illinois corporation.

6.    Pursuant to the terms of the contract and the trust agreements establishing the Funds, Employer is required to make its books and records available to the Funds for audit.

7.    The Funds have attempted to obtain the books and records of the Defendant for an audit for the period October 6, 2014 through May 31, 2017 and July 6, 2020 through May 31, 2021. The Funds' auditor has written and repeatedly telephoned the company and received no response.

8.    Defendant, GREG KLEHM, Individually and d/b/a CENTRAL ILLINOIS DISPOSAL (hereinafter "**CENTRAL**"), is an employer engaged in an industry affecting commerce, within the meaning of Sections 2(2), 2(6) and 2(7) of the LMRA, 29 U.S.C. §§ 152(2), 152(6) and 152(7), and Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11) and 1002(12).

9.      Without an order directing an audit be performed and delinquencies paid thereunder, Plaintiffs are unable to fulfill their fiduciary duties under the Plan.

10.     The amount presently due cannot be ascertained without an audit.

## FACTS COMMON TO ALL COUNTS

11.     Since October 6, 2014 through May 31, 2017 and continuing to date, collective bargaining agreements ("cba") have been in force between **G & N** and Teamsters Local 179 obligating **G & N** to make contributions to the Funds. The President of **G & N** is Greg Klehm.

12.     Pursuant to its cba, Defendant, **G & N** has not made regular monthly contributions to the Plaintiff Funds.

13.     Since on or about October 6, 2014, Defendant, **G & N** has been conducting business with the same business purpose, address and checking account as Defendant, GREG KLEHM d/b/a **CENTRAL,** performance of transportation services. Both companies maintain a single website address and a single integrated operation (Exhibit C) and hold themselves out to the public and customers as such.

14.     **G & N** was and is subject to a collective bargaining agreement October 6, 2014 through May 31, 2017 and continuing July 6, 2020 through May 31, 2021, with Teamsters Local 179 requiring contributions to the Plaintiff Funds on **G & N**'s employees having never given notice of cancellation.

15.     Under the Trust Agreements governing the Plaintiff Funds, to which **G & N** is bound, the Boards of Trustees are permitted to audit the records of participating employers to determine whether they have complied with their contractual obligations to contribute to the Plaintiff Funds.

## COUNT I

## RELIEF AGAINST DEFENDANT, G & N

16.     Paragraphs 1-15 of the Complaint are incorporated by reference, as if fully set forth herein.

17.     Defendant, **G & N**, is bound to a collective bargaining agreement with Local Union No. 179, requiring it to pay contributions to the Plaintiff Funds for the period from October 6, 2014 through May 31, 2017 and thereafter and again July 6, 2020 through May 31, 2021 and continuing to date, and to submit books and records to the Funds for compliance auditing.

18.     Defendant, **G & N**, has violated the relevant collective bargaining agreements, by failing to make its contractually required contributions to the Plaintiff Funds on **G & N** and regarding its second related company, **GREG KLEHM d/b/a CENTRAL**.

WHEREFORE, Plaintiffs pray:

A.     That the Court order an audit of Defendant **G & N**'s books and records for the period October 6, 2014 through May 31, 2017 to date, to determine the actual amounts due and owing.

B.     That judgment be entered against GREG KLEHM, Individually and d/b/a the dissolved corporation, and in favor of the Plaintiffs in the amount shown to be due under the audit.

C.     That the Plaintiffs be awarded all relief provided for under 29 U.S.C. 1132(g)(2) including interest, 20% liquidated damages, costs and attorneys' fees.

D. That the Court enjoin GREG KLEHM from maintaining a dissolved corporation from operation without making the Funds whole for its past delinquencies, and the grant of security for its current contributions.

E. That the Court grant such other relief as the Court may deem appropriate..

## COUNT II – SINGLE EMPLOYER

19. Paragraphs 1-18 of the Complaint are incorporated by reference, as if fully set forth herein.

20. Since October 6, 2014, **G & N** has entered into successive collective bargaining agreements with Teamsters Local 179 pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of its employees performing truck driving work. (Exhibits "A" and "B").

21. By virtue of certain provisions contained in the collective bargaining agreements, **G & N** is bound by the Trust Agreements establishing the Funds.

22. GREG KLEHM, Individually is liable for **CENTRAL'S** unpaid benefits for their bargaining unit employees and must adhere to the terms of the **G & N** cba, as **G & N** and **CENTRAL** are a single employer under applicable labor relations theory in that:

      a. Greg Klehm control(ed) the labor relations policy making of both companies.

      b. The companies are interrelated and share common employees, equipment, materials and jobs in that **CENTRAL** uses the foregoing;

      c. The companies share common management;

      d. The companies share common ownership;

      e. The companies perform the same type of work;

      f. The companies share an interrelation of operations;

6

g.   Greg Klehm had notice of the pre-existing **G & N** cba;

h.   Both companies use the same website address holding themselves out to the public as a single integrated option. (Exhibit C); and

i.   Both companies are in fact sole proprietorships.

23.   By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by GREG KLEHM d/b/a **CENTRAL** for its bargaining unit employees.

WHEREFORE, Plaintiffs pray for relief as follows:

A.   GREG KLEHM d/b/a **CENTRAL** be ordered to submit to an audit for the period October 6, 2014 through May 31, 2017 to date;

B.   Judgment be entered in favor of Plaintiffs and against GREG KLEHM Individually and d/b/a **G & N** and **CENTRAL** jointly and severally in the amount of benefits owed but unpaid by these companies;

C.   Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and audit costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2);

D.   Defendants be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments;

E.   That this Court enter an Order holding GREG KLEHM Individually and d/b/a **CENTRAL** is a single employer and are jointly and severally liable to the Plaintiffs for all debts and obligations of **G & N;**

F.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT III – ALTER EGO LIABILITY

24.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-23 of this complaint as if they were restated fully herein.

25.    **GREG KLEHM,** Individually, and d/b/a **CENTRAL** is liable for unpaid benefits for his/their bargaining unit employees and must adhere to the terms of the dissolved corporation, **G & N** cba as **GREG KLEHM** Individually and d/b/a **CENTRAL** is the alter ego of **GREG KLEHM** d/b/a **G & N** under applicable labor relations theory in that on information and belief:

    a.    Greg Klehm control(ed) the labor relations policy making of both companies;

    b.    The companies are interrelated and share common offices, employees, equipment, checking accounts, materials and jobs in that **CENTRAL** use the foregoing which previously and/or currently were used by **G & N;**

    c.    The companies share common management;

    d.    The companies share common ownership;

    e.    The companies perform the same type of work;

    f.    The companies share an interrelation of operations ownership and hold themselves out to the public as a single integrated operation; and

    g.    **GREG KLEHM** d/b/a **CENTRAL** is maintained to evade the dissolved corporation **G & N'S** cba with the Union.

26.    By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by **CENTRAL** for all its bargaining unit employees.

WHEREFORE, Plaintiffs pray for relief as follows:

A.      **GREG KLEHM** Individually and d/b/a **CENTRAL** be ordered to submit to an audit for the period October 6, 2014 through May 31, 2017 and July 6, 2020 through May 31, 2021;

B.      Judgment be entered in favor of Plaintiffs and against **GREG KLEHM,** Individually and d/b/a **G & N** a dissolved corporation, **GREG KLEHM**, Individually and d/b/a **CENTRAL** as he and them are owned by **GREG KLEHM**, jointly and severally in the amount of benefits owed but unpaid by these companies;

C.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and audit costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2);

D.      Defendants be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments;

E.      That this Court enter an order holding **GREG KLEHM** d/b/a **CENTRAL** is the alter-ego of the dissolved corporation, **G & N** are and is liable to the Plaintiffs for all debts and obligations of **G & N**, a dissolved corporation operated by GREG KLEHM.

F.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

                    TRUSTEES OF THE SUBURBAN TEAMSTERS
                    OF NORTHERN ILLINOIS WELFARE AND
                    PENSION FUNDS


                    By: _____
                              One of Its Attorneys

John J. Toomey
ARNOLD AND KADJAN, LLP
35 E. Wacker Drive
Suite 600
Chicago, Illinois 60601
(312) 236-0415

# EXHIBIT A

G & n Transfer
007014100

# AREA CONSTRUCTION AGREEMENT

## between

## CONTRACTORS ASSOCIATION OF WILL AND GRUNDY COUNTIES

## and

## TEAMSTERS LOCAL UNION NO. 179
### Affiliated with the I.B. of T.



## Effective June 1, 2012 through May 31, 2017

SIGNATURE PAGE FOR NON-ASSOCIATION EMPLOYERS

**FOR TEAMSTERS LOCAL UNION NO. 179:**

BY : _Greg Kleb_

TITLE : _Secretary Treasurer_

DATE : _10/6/14_

**FOR THE EMPLOYER:**

COMPANY NAME: _G & N Transfer_

ADDRESS: _15417 E 2200 N Rd_

_Pontiac_ _Il_ _61764_
City             State    Zip

PHONE: _815 842 - 2778_ FAX: _815 842 1351_

EMAIL: _____

PRINT NAME: _Greg Klehn_

SIGNATURE: _Greg Klehn_

TITLE: _Owner_

DATE: _10 - 6 - 14_

32

# EXHIBIT B

G&N Transfer
00 7014100-01

# AREA CONSTRUCTION AGREEMENT

## between

## CONTRACTORS ASSOCIATION OF WILL AND GRUNDY COUNTIES

## and

## TEAMSTERS LOCAL UNION NO. 179
### Affiliated with the I.B. of T.



## Effective June 1, 2017 through May 31, 2021

## SIGNATURE PAGE FOR NON-ASSOCIATION EMPLOYERS

**FOR TEAMSTERS LOCAL UNION NO. 179:**

BY: _Greg Elser_

TITLE: _Secritary Treasurer_

DATE: _7/6/2020_


**FOR THE EMPLOYER:**

COMPANY NAME: _G & N Transfer_

ADDRESS: _15417 E 2200 N Rd_

_PonTiac_                                    _Fl_        _61764_
City                                          State       Zip

PHONE: _815 842-2778_     FAX: _815 842 1351_

EMAIL: _____

PRINT NAME: _Greg Kuhm_

SIGNATURE: _Greg Kuhm_

TITLE: _____

DATE: _____


32



*Teamsters Local Union No. 179*

Affiliated with the International Brotherhood of Teamsters

1000 N.E. FRONTAGE RD.
JOLIET, ILLINOIS 60431
Phone (815) 741-2200
Fax (815) 741-2278
www.teamsters179.org



July 8, 2020

Suburban Teamsters of Northern
    Illinois Welfare and Pension Funds
1171 Commerce Drive, Unit 1
West Chicago, IL 60185-2680

Please re-activate the following employer effective 7/6/20:

**Employer: G&N Transfer**

**Health & Welfare**

Effective June 1, 2020..........................................$ 406.00 per week
Effective June 1, 2020......................................$ 9.90 per hour

**Pension**

Effective June 1, 2020...........................................$ 425.65 per week

Thank you,

Lesley

*HAVE IT DELIVERED UNION!*